UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JENNIFER L. PALMER,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   Case No. 1:17-cv-577
                                   )
COMMISSIONER OF                    )   Honorable Janet T. Neff
SOCIAL SECURITY,                   )
                                   )
        Defendant.                 )
_____)

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On May 8, 2014, plaintiff filed her application for DIB benefits. Plaintiff alleged a March 5, 2014, onset of disability. (ECF No. 7-5, PageID.168-69; ECF No. 7-6, PageID.236). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.111-14). On March 21, 2016, she received a hearing before an ALJ. (ECF No. 7-2, PageID.71-95). On May 13, 2016, the ALJ issued her decision finding that plaintiff was not disabled.[1] (Op., ECF No. 7-2, PageID.52-65). On April 28, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.35-37), and the ALJ's decision became the Commissioner's final decision.

---

[1] All citations to regulations herein are to the versions in effect as of the date of the ALJ's decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I.   The ALJ's residual functional capacity finding is not supported by substantial evidence under 20 C.F.R. § 404.1520a and SSR 98-6p, entitling plaintiff to a remand.

   A. The ALJ failed to give treating pulmonologist Nadine Potempa, M.D.'s opinion proper weight or to consider her opinion as required by 20 C.F.R. § 404.1527(c).

   B. Had the ALJ properly considered Dr. Potempa's opinion, Ms. Palmer would have been disabled based on the Medical Vocational Guidelines, or alternatively, the VE's testimony.

   C. The ALJ failed to give the VE a complete hypothetical.

   D. The RFC finding did not include the effects of all plaintiff's well-documented impairments.

   E. The ALJ's credibility finding is not supported by substantial evidence.

(Plf. Brief at iii, ECF No. 11, PageID.669). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited.

*Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

### The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2019. (Op. at 3, ECF No. 7-2, PageID.54).

Plaintiff had not engaged in substantial gainful activity on or after April 10, 2013.[2] (*Id.*). Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease, pulmonary hypertension, sleep apnea, and obesity." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 7, PageID.58). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> she can only occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, crawl; and she should have no concentrated exposure to extreme cold, extreme heat, high humidity, or pulmonary irritants such as fumes, odors, dusts and gasses.

(*Id.*). The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence. (*Id.* at 8-12, PageID.59-63). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a machine operator as plaintiff performed that job and as it is generally performed in the national economy and her work as a bus monitor as it is generally performed in the national economy. (*Id.* at 12-14, PageID.63-65).

The ALJ made an alternative finding at step five of the sequential analysis. In response to a hypothetical question regarding a person of plaintiff's age with her RFC,

---

[2] This portion of the ALJ's opinion references plaintiff's initial alleged onset date (ECF No. 7-5, PageID.168) rather than her amended alleged onset date of March 5, 2014 (ECF No. 7-6, PageID.236).

education, and work experience, the vocational expert (VE) testified that there were approximately 279,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 7-2, PageID.93-94). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 13-14, ECF No. 7-2, PageID.64-65).

## Discussion

### 1.

Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of her treating pulmonologist Nadine Potempa, M.D., and failed to provide good reasons for the weight she gave to those opinions. She argues that if the ALJ had given proper weight to Dr. Potempa'a opinions she would have been found disabled. (Plf. Brief at 9-12, ECF No. 11, PageID.680-83; Reply Brief at 2-5, ECF No. 13, PageID.706-09). Upon review, I find no error.

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-

supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see Gayheart v. Commissioner*, 710 F.3d at 376.

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990); *see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *see also Perry v. Commissioner*, No. 17-4182, __ F. App'x __, 2018 WL 2470915, at *3 (6th Cir. June 4, 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart v. Commissioner*, 710 F.3d at 376; *Cole v. Astrue*, 661 F.3d at 937-38; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart v. Commissioner*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" (quoting *Wilson v. Commissioner*, 378 F.3d at 544)).

On March 9, 2016, Dr. Potempa completed a questionnaire regarding plaintiff's ability to perform work-related activities. She offered her opinions that plaintiff was restricted to sedentary work and had additional postural and environmental restrictions. (ECF No. 7-9, PageID.589-90). The ALJ considered the suggested RFC restrictions at length. (Op. at 9-11, ECF No. 7-2, PageID.60-62). The ALJ recognized that Dr. Potempa was a "treating physician" and a "[r]espiratory

specialist." (*Id.* at 9, 11, ECF No. 60, 62). Plaintiff claimed an onset of disability years before March 9, 2016, and Dr. Potempa did not indicate in her questionnaire responses when her proffered restrictions would have first been in effect. (*Id.* at 11, PageID.62). "Dr. Potempa noted that these limitations were secondary to the claimant's chronic obstructive pulmonary disease, hypoxemia and breast cancer along with her need to use oxygen with activity." (*Id.*). Plaintiff was diagnosed with right breast cancer in December 2015 and she started chemotherapy later that month. (ECF No. 7-9, PageID.528-29, 534-38). As of the date of the hearing, plaintiff had two remaining chemotherapy treatments and it was anticipated that the next course of treatment would be surgery followed by radiation treatment. (Op. at 5, ECF No. 7-2, PageID.56). The ALJ found that "it [was] reasonable to assume that cancer treatment might warrant limitations to sedentary work, however, through the date of th[e] decision, there [was] no evidence that the breast cancer result[ed] in any limitations that [would] last 12 months or more."[3] (*Id.* at 11, PageID.62).

Dr. Potempa's opinions regarding plaintiff's RFC were not entitled to controlling weight. RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2); *see Deaton v. Commissioner*, 315 F. App'x

---

[3] Records from the West Michigan Cancer Center (ECF No. 7-9, PageID.525-78) show that the physicians treating plaintiff's cancer did not identify functional restrictions stemming from the disease or treatment. Plaintiff is correct that no medical source opined that plaintiff's breast cancer treatment would limit her to sedentary work. (Reply Brief at 4, ECF No. 13, PageID.708). Plaintiff bears the ultimate burden of producing sufficient evidence to show that she is disabled. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability.").

595, 598 (6th Cir. 2009). A treating physician's opinion on an issue reserved to the Commissioner is not entitled to "any special significance." 20 C.F.R. § 404.1527(d)(3); *see Edwards v. Commissioner*, 636 F. App'x 645, 649 (6th Cir. 2016) ('[T]he regulations make clear that no special significance is to be given to the source of an opinion on issues that are reserved to the Commissioner[.]"). ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016). " ' Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.' " *Bayes v. Berryhill*, No. 3:16-cv-2822, 2018 WL 791323, at *2 (N.D. Ohio Feb. 8, 2018) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)); *see Ashley v. Commissioner*, No. 1:12-cv-1287, 2014 WL 1052357, at *8 n.6 (W.D. Mich. Mar. 19, 2014) ("Courts have increasingly questioned the evidentiary value of 'multiple choice' or 'check-off' opinion forms by treating physicians[.]"); *see also Nicholas v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted).

Plaintiff's argument that the ALJ failed to adequately consider the factors listed 20 C.F.R. § 404.1527(c) cannot withstand scrutiny. Section 404.1527(c) " 'does not require an 'exhaustive, step-by-step analysis[.]' " *Perry v. Commissioner*, 2018

WL 2470915, at *3 (quoting *Biestek v. Commissioner*, 880 F.3d at 785. The ALJ noted that Dr. Potempa was a treating physician and a respiratory specialist. (Op. at 9, 11, ECF No. 7-2, PageID.60, 62). The ALJ found that the level of restriction Dr. Potempa suggested in her questionnaire responses was not supported by her treatment records and plaintiff's work activities after her amended alleged onset date through the end of November 2015. (Op. at 9-12, ECF No. 7-2, PageID.60-63).

The ALJ noted that in May of 2014, plaintiff had normal respiratory excursion with symmetric chest walls, and quiet, even and easy respiratory effort with no wheezing. Dr. Potempa concluded that plaintiff's chronic obstructive pulmonary disease was exacerbated by her seasonal allergies and started her on a nebulizer. (*Id.* at 9, PageID.60) (citing Exhibits 5F/5-9 and 9F/16-22, found at ECF No. 7-7, PageID.287-91, 351-57).

On July 7, 2015, plaintiff "stated to Dr. Potempa that she was doing well and did not have any major problems with shortness of breath unless she was exposed to heat and humidity. The claimant indicated that she was still smoking and working as a cleaner[.]" (*Id.*) (citing Exhibit 9F/6-8 found at ECF No. 7-7, PageID.341-43).

On October 13, 2015, plaintiff "stated that she had recently moved to a new house due to mold and dust issue with her previous house. She felt that the chronic exposure caused her to feel ill and overall she was feeling improved." (*Id.*) (citing Exhibit 9F/1-3 found at ECF No. 7-7, PageID.336-38).

On December 18, 2015, plaintiff's CT scan showed moderate emphysema. (*Id.*) (citing Exhibit 18F/21 found at ECF No. 7-9, PageID.545). On February 13, 2016, her

COPD "was listed as stable with no change or worsening of symptoms." (Op. at 10, ECF No. 7-2, PageID.61) (citing Exhibit 14F/1 found at ECF No. 7-8, PageID.475).

On March 9, 2016, plaintiff's spirometry results suggested a moderate to severe ventilatory impairment. The session quality was described as poor. The reduction of vital capacity was likely due to body habitus. The severe reduction of minute ventilation could reflect neuromuscular weakness or deconditioning . (*Id.*) (citing Exhibits 14F/4 and 21F found at ECF No. 7-8, PageID.478; ECF No. 7-9, PageID.586-88 ). Plaintiff reported that she had stopped using her CPAP because she was experiencing nasal dryness. "Dr. Potempa recommended supplemental oxygen with exertion and likely at night without CPAP." (*Id.*) (citing Exhibit 15F found at ECF No. 7-8, PageID.504-11).

I find no violation of the treating physician rule and that the ALJ satisfied the procedural requirement of providing good reasons for the weight that she gave to Dr. Potempa's opinions.

**2.**

Plaintiff argues that the "Medical Vocational Guidelines and VE testimony dictate a finding of 'disabled' based on Dr. Potempa's findings and the medical evidence." (Plf. Brief at 13, ECF No. 11, PageID.684). This argument lacks merit.

The ALJ found that plaintiff retained the RFC for a limited range of light work and that finding is supported by substantial evidence. As noted in the previous section, Dr. Potempa's opinion that plaintiff was limited to sedentary work was entitled to no weight because RFC is an administrative finding of fact reserved to the

Commissioner.  *See* 20 C.F.R. § 404.1527(d)(2), (3).

The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity — that is the ALJ's job.  *See Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987).  The ALJ uses vocational expert testimony at step five in the process of determining whether a significant number of jobs exist that a claimant can perform despite her impairments.  837 F.2d at 247.  It is common practice for an ALJ to ask the VE a hypothetical question incorporating a possible finding of disabling pain, fatigue, and other subjective complaints.  *See, e.g.*, *Rabbers v. Commissioner*, 582 F.3d 647, 651 (6th Cir. 2009).

> Merely posing the hypothetical question does not compel the ALJ to find that the claimant actually suffered disabling fatigue, pain, or other subjective symptoms.  The hypothetical question and response simply create a record from which the ALJ could base a decision finding that a significant number of jobs do or do not exist, in the event that the ALJ concludes that the claimant indeed suffers the degree of limitation [s]he claims.

*Bowman v. Commissioner*, No. 1:11-cv-865, 2012 WL 4343755, at *3 (W.D. Mich. Sept. 21, 2012).

### 3.

Plaintiff invokes SSR 96-7p and argues that the ALJ did not properly assess her credibility.  (Plf. Brief at 14-15, ECF No. 11, PageID.685-86).

SSR 96-7p cannot provide a basis for disturbing the ALJ's decision because it had been superseded and did not apply to the ALJ's decision.  SSR 16-3p applies to administrative decisions made on or after March 28, 2016.  *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at

2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017)). It applies here because the ALJ entered her decision more than a month after March 28, 2016.

In SSR 16-3p, the Administration "eliminate[ed] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term. In so doing, [the Administration] clarif[ied] that subjective symptom evaluation is not an examination of the individual's character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). The ALJ did not use the term credibility in her opinion and she cited SSR 16-3p in her evaluation of plaintiff's symptoms. (Op. at 8-12, ECF No. 7-2, PageID.59-63).

It is appropriate to note that the Administration's change in its sub-regulatory policy had no impact on the statutory deference to which an ALJ's factual findings are entitled. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see also Morrison v. Commissioner*, No. 16-1360, 2017 WL 4278378, at *4 (6th Cir. Jan. 30, 2017) ("[E]ven if this evidence could support the findings urged by [plaintiff], we cannot overturn the ALJ's decision on that basis so long as there is substantial evidence in the record to support that decision.").

Evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Jones*, 336 F.3d at 476 ("[T]he ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."); *Buxton*, 246 F.3d at 773 ("The ALJ's findings . . . are entitled to deference, because

-13-

of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."). The statutory substantial evidence standard remains a "highly deferential standard of review." *Ulman*, 693 F.3d at 714. Claimants challenging the ALJ's findings in the evaluation of subjective symptoms continue to face an "uphill battle." *See Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).

The new policy ruling did not and could not change the underlying regulations.[4] The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)).

---

[4] Social security rulings purport to interpret applicable regulations. *See Ferguson v. Commissioner*, 628 F.3d 269, 272 (6th Cir. 2010). Social security rulings "do not have the same force and effect as statutes and regulations[.]" SSR 16-3p, 2017 WL 5180304, at *1; *see Shields v. Commissioner*, No. 17-6091, __ F. App'x __, 2018 WL 2193136, at*7 n.10 (6th Cir. May 14, 2018). In the event of a conflict, statutes and regulations must control over social security rulings. *See Paxton v. Secretary of Health & Human Servs.*, 856 F.2d 1352, 1357(6th Cir. 1988); *see also Kornecky*, 167 F. App'x at 498 n.2 ("As the agency's interpretation of its own regulations, [] a SSR 'is entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation.'") (quoting *Wilson*, 378 F.3d at 549). "Social Security Rulings are "binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the Commissioner. 20 C.F.R. § 402.35(b)(1). While the Sixth Circuit has refrained from ruling on whether social security rulings are binding on the Commissioner in the same way as social security regulations, it has assumed they are. *See Ferguson*, 628 F.3d at 272 n.1; *Wilson*, 378 F.3d at 549.

Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

SSR 16-3p requires that the ALJ's decision "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. This does not result in any significant change because the Sixth Circuit long ago found that SSR 16-3p's predecessor, SSR 96-7p,[5] required that the ALJ explain his credibility determination and that the explanation " 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight.' " *Rogers v. Commissioner*, 486 F.3d at 248 (quoting *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Assessing Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p* (reprinted at 1996

---

[5] "Although SSR 16-3p supersedes SSR 96-7p, according to the very language of SSR 16-3p, its purpose is to 'clarify' the rules concerning subjective symptom evaluation and not to substantially *change* them." *Blocker v. Commissioner*, No. 2:17-cv-513, 2018 WL 3215507, at *9 (S.D. Ohio July 2, 2018) (citation and quotation omitted). "[T]he requirements of SSR 16-3p are nearly identical to those contained in SSR 96-7p with respect to the ALJ's analysis of a claimant's alleged symptoms[.]" *Lokey v. Commissioner*, No. 3:17-cv-1090, 2018 WL 2739371, at *7 (M.D. Tenn. June 7, 2018).

WL 374186, at *4 (SSA July 2, 1996)).

Plaintiff claims error in that the ALJ placed too much emphasis on the work plaintiff performed after her alleged onset of disability. (Plf. Brief at 14, ECF No. 11, PageID.685). "Plaintiff's attempts to work after her alleged onset date, even if the work does not rise to the level of substantial gainful activity, is an appropriate factor to consider." *McCarter v. Berryhill*, No. 3:16-cv-385, 2018 WL 327765, at *6 (E.D. Tenn. Jan. 8, 2018); *see King v. Berryhill*, No. 3:13-0451, 2017 WL 1153961, at *10-11 (M.D. Tenn. Mar. 28, 2017) (collecting cases). It was evidence on which the ALJ could reasonably find that plaintiff's "impairments were not as limiting as she alleged." *McCarter*, 2018 WL 327765, at *6; *see* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

The ALJ gave a lengthy and detailed explanation of her factual findings regarding plaintiff's statements concerning the intensity, persistence and limiting effects of plaintiff's symptoms and her findings are supported by substantial evidence. (Op. at 8-12, ECF No. 7-2, PageID.59-63).

**4.**

Plaintiff argues that the ALJ failed to give a complete hypothetical to the VE. (Plf. Brief at 13-14, ECF No. 11, PageID.684-85).

The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a machine operator as plaintiff performed that job and as it is generally performed in the

national economy and her work as a bus monitor as it is generally performed in the national economy. (Op. at 12-14, ECF No. 7-2, PageID.63-65). Plaintiff's criticism of the hypothetical question at step 5 does nothing to undermine the ALJ's finding at step four. "[A]ny criticism of a hypothetical question the ALJ did not rely on when [s]he found that plaintiff was not disabled is irrelevant." *Kauma v. Commissioner*, No. 1:11-cv-1047, 2013 WL 949887, at *6 (W.D. Mich. Mar. 11, 2013) (citation and quotation omitted).

Plaintiff's fifteen-page initial brief was well short of the applicable twenty-page limitation. Plaintiff generally ignored the ALJ's finding that she was not disabled at step four.[6] She could not wait until her reply brief to challenge the ALJ's findings at step 4. The issue is waived because a reply brief is not the proper place to raise new arguments. *See Bormuth v. Cty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017) (*en banc*) (" 'We have consistently held, however, that arguments made to us for the first time in a reply brief are waived.' ") (quoting *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)).

Even assuming plaintiff's argument in this regard had not been waived, it would not provide a basis for disturbing the Commissioner's decision. It was plaintiff's burden at step four to prove that she was unable to perform (1) the functional demands and duties of past relevant jobs as she actually performed them,

---

[6] The ALJ's findings at step four received one passing reference in plaintiff's summary of the ALJ's opinion. (Plf. Brief at 7, ECF No. 11, PageID.678). The argument section of plaintiff's initial brief is devoid of any reference to the ALJ's step four findings. There is no developed argument challenging those findings.

and (2) that she was unable to perform the functional demands and job duties of her occupations as generally required by employers throughout the national economy.[7] *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556-57 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that she is unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed."). Plaintiff did not carry her burden. Plaintiff's argument that the jobs "exceeded the sedentary limitations found by Dr. Potempa" (Reply Brief at 3, ECF No. 13, PageID.707) is a reformulation of her argument that the ALJ violated the treating physician rule and it should be rejected for the reasons previously stated herein.

Even as an attack on the ALJ's alternative finding at step 5, plaintiff's argument attacking the hypothetical question posed to the VE is meritless. A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence supporting the Commissioner's decision. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987). Plaintiff's challenge to the adequacy of the hypothetical question posed to the VE is a reformulation of her challenge to the ALJ's findings regarding her symptoms (formerly credibility). It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human*

---

[7] Plaintiff was required to "prove an inability to return to h[er] former type of work and not just to h[er] former job." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

*Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993); *see also Bolton v. Commissioner*, No. 17-6129, __ F. App'x __, 2018 WL 1773504, at *3 (6th Cir. Apr. 12, 2018). The hypothetical question the ALJ posed to the VE was accurate and the VE's testimony in response provides substantial evidence supporting the ALJ alternative finding at step 5 that plaintiff was not disabled.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   August 9, 2018            /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).